**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

IRSHADDUDDIN GHORI
MOHAMMED,

            Plaintiff,

v.                                                    Case No. 22-cv-10513

UR M. JADDOU,
Director, U.S. Citizenship
and Immigration Services,

            Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO REMAND APPLICATION FOR NATURALIZATION TO USCIS FOR ADJUDICATION**

Pending before the court is Defendant Ur M. Jaddou's, Director of U.S. Citizenship and Immigration Services, ("USCIS") Motion to Remand Application for Naturalization to USCIS for Adjudication. (ECF No. 8.) The motion has been fully briefed. The court finds oral argument to be unnecessary. E.D. Mich. LR 7.1(f)(2). For reasons explained below, the court will grant the Government's motion.

**I. BACKGROUND**

Plaintiff Irshadduddin Ghori Mohhamed has lived in the U.S. since November 21, 2014 with his spouse, Amina Arif. (ECF No. 1, PageID.4.) Ms. Arif became a U.S. citizen herself on September 14, 2011. (Id.) Plaintiff achieved permanent resident status through marriage on May 2, 2019. (Id. at PageID.3.) He initiated the naturalization process on March 5, 2021. (Id.) USCIS interviewed Plaintiff in connection with his naturalization application, Form N-400, on October 1, 2021. (Id. at PageID.4.) Plaintiff

also successfully completed the requisite testing for language and civics at that time. (Id.) The Government contends that its investigation is ongoing. (ECF No. 8, PageID.38.)

Plaintiff, exercising his right under 8 U.S.C. § 1447(b)[1], filed suit in this court on March 9, 2022, seeking to have the court either (1) directly adjudicate his naturalization application, or (2) remand his application to USCIS with the instruction that a final agency action occur within thirty (30) days of the court's order. (ECF No. 1, PageID.6.) Plaintiff further sought an award of reasonable attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). (Id.) In response, on May 20, 2022, the Government filed a motion to remand the matter to USCIS for resolution. (ECF No. 8, PageID.37.) The Government asserts that, before receiving Plaintiff's Complaint, on March 28, 2022, USCIS issued a Request for Evidence ("RFE"), seeking evidence from Plaintiff that his marriage was entered in good faith. (Id. at PageID.38.) It further contends that USCIS is prepared to promptly adjudicate Plaintiff's application within thirty (30) days of (i) remand or (ii) the expiration of Plaintiff's time to respond to the RFE, that is, May 2, 2022. (Id.) In response, Plaintiff indicates that he "is not opposed to

---

[1] Title 8 of the United States Code, Section 1447(b) provides:

> (b) Request for hearing before district court
>
> If there is a failure to make a determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

remand but requests due and careful consideration from the Court." (ECF No. 9, PageID.56.) Plaintiff further characterizes USCIS' need to evaluate the validity of his marriage as insulting and contrary to USCIS' previous findings that approved Plaintiff's green card application. (Id. at PageID.56–57.) Nevertheless, Plaintiff provides as an exhibit all required evidence sought in USCIS's RFE. (ECF No. 9-6, PageID.99–138.)

## II. DISCUSSION

As noted by the Government, the vast majority of courts, in this district and beyond, recognize the subject-matter jurisdiction of the district courts to consider an applicant's lawsuit, but decline to consider the propriety of the application for citizenship. *See, e.g., Shendaj v. Dedvukaj*, 543 F.Supp.2d 724, 728 (E.D.Mich.2008); *Dukhow v. USCIS*, 542 F.Supp.2d 673, 677 (E.D.Mich.2008). This is because the courts "recognize their lack of experience and the lack of information available to assess whether the plaintiff satisfies the various criteria for naturalization." *Shendaj*, 543 F.Supp. at 728; see also *Aslam v. Gonzales*, No. 06–614MP, 2006 WL 3749905, *2 (W.D.Wash. Dec.19, 2006) ("[T]he Court is not equipped to conduct the kind of investigation required to determine whether an applicant presents a risk to national security or public safety."). Even Plaintiff, who merely asserts a "strong preference for judicial adjudication," does not oppose remand in this case. (ECF No. 9, PageID.57.) As such, while the court recognizes its own subject-matter jurisdiction to consider the application, it will not now adjudicate the application. Instead, and in recognition of the significant time Plaintiff has already spent waiting for a final decision on his application, the court will remand the matter, without prejudice, to USCIS and instruct the agency to provide a prompt resolution within thirty (30) days of this order.

### III. CONCLUSION

For the aforementioned reasons, Defendant's motion to remand is granted. Due to the fact that the Government, by virtue of these proceedings, is now in possession of the evidence sought in USCIS' March 28, 2022 RFE, (ECF No. 9-6), further administrative proceedings before USCIS officials shall be completed within thirty (30) days of this order. Accordingly,

IT IS ORDERED that Defendant's Motion to Remand Application for Naturalization to USCIS for Adjudication. (ECF No. 8.) is GRANTED.

IT IS FURTHER ORDERED that this matter is REMANDED to USCIS for prompt resolution within thirty (30) days.

s/Robert H. Cleland            /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                  /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\22-10513.MOHAMMED.MotionForRemand.EKL.docx